**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose GARCIA–ARANDA, Defendant–
Appellant.**

No. 00–50381.

D.C. No. CR–99–792–2–VAP.

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 2001 \*.

Decided June 28, 2001.

Before KOZINSKI and THOMAS,
Circuit Judges, and WHYTE,\*\* District
Judge.

MEMORANDUM \*\*\*

There was ample evidence at trial from which a rational jury could have found that Aranda (1) seized or detained another person and (2) threatened to kill, injure or continue to detain that person (3) with the purpose of compelling a third person to act, or refrain from acting, in some way. *See* 18 U.S.C. § 1203; *United States v. Carrion–Caliz,* 944 F.2d 220, 225 (5th Cir.1991). Although we stated in *United States v. Lopez–Flores* that the "ransom" for the victim's release was the payment over the initially agreed-upon amount, we also indicated that the "nature of [the-]detention" also constituted a change to the agreed-upon arrangement. *See* 63 F.3d 1468, 1477 (9th Cir.1995). As the District of Columbia Circuit explained in *United States v. Lin,* whether a defendant intended to collect a debt rather than extort money is not relevant under the Hostage Taking Act, which broadly prohibits physical detentions designed to compel another to do "any act." *See* 101 F.3d 760, 766–67 (D.C.Cir.1996); 18 U.S.C. § 1203.

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.